as a condition for relieving plaintiff of its default in vacating the judgment, were fair and just. Plaintiff's time to comply with the terms of that order is extended five days from the entry of an order upon this appeal. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.

NELTON INVESTORS, INC., Appellant, v. PATRICK McGOVERN, INC., Respondent.— Judgment reversed upon the law and the facts and a new trial granted, costs to abide the event. The plaintiff was not entitled to an injunction but was entitled to more than nominal damages. Finding numbered 23 is reversed. Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ., concur.

NORTH WOODSIDE BUILDING MATERIAL CORPORATION, Respondent, v. BURKE BUILDING CO., INC., and Others, Defendants, Impleaded with INTERBORO ASSOCIATES, INC., Appellant, and LESTER V. ALLERS, Respondent.— Judgment unanimously affirmed, with costs. The third allegation of the complaint, as to the ownership of the property, is not denied by appellant in its answer. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

LOUIS PILTCH, Appellant, v. YELLOW TAXI CORPORATION, Defendant. JOSEPH SILBER, Attorney, Respondent.— Order of substitution and granting lien modified by awarding respondent a lien of ten per cent upon any sum recovered by way of judgment or settlement, and as so modified affirmed, without costs. We are of opinion that the services claimed to have been rendered by respondent will be properly compensated by the foregoing modification in light of the fact that both parties agree upon a percentage basis as compensation. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.

EMILY D. PRATT, Respondent, v. KATHLEEN LANDRY and Others, Defendants. TONY NORDONE, Appellant.— Order striking out affirmative defense in answer of defendant Nordone affirmed, with ten dollars costs and disbursements, with leave to said defendant to serve an amended answer within ten days from the entry of the order herein; the issue to remain as of the time of service of the original answer. No opinion. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANGELO BASILE, Appellant.— Judgment of conviction of the County Court of Richmond county reversed upon the law and the facts and a new trial ordered. We are of opinion that error was committed in admitting in evidence the application for the $1,000 insurance policy. We are of the further opinion that the court erred in the charge relating to the effect of the finding of the indictment (fols. 610, 611); and also in the charge (fols. 618–620) relating to circumstantial evidence, in so far as it related to the court's attitude in that respect upon the examination of jurors. The case is not so free of doubt that we can say that these errors should be overlooked under section 542 of the Code of Criminal Procedure. Lazansky, P. J., Kapper and Scudder, JJ., concur; Carswell and Davis, JJ., dissent and vote to affirm pursuant to section 542 of the Code of Criminal Procedure.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARLO CICCONE, Appellant.— Judgment of conviction of the Court of Special Sessions of the City of New York, Borough of Brooklyn, unanimously affirmed. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN DI PALO, Appellant.— Judgment of conviction of the Court of Special Sessions of the City